UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CURTIS VANDERSON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JAMES DZURENDA, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:18-cv-00246-RCJ-CLB<br><br>**ORDER OF DISMISSAL** |

This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a former state prisoner. On December 3, 2019, the Court issued an order denying the Plaintiff's application to proceed *in forma pauperis* for prisoners as moot because Plaintiff was no longer incarcerated. (ECF No. 7). The Court ordered Plaintiff to file a fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00 within thirty (30) days from the date of that order. (*Id.*)

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of

address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee within thirty (30) days expressly stated: "It is further ordered that if Plaintiff does not timely comply with this order, dismissal of this action may result." (ECF No. 7).

Plaintiff has failed to show good cause why this action should not be dismissed for failure to comply with Court Order (ECF No. 7). Accordingly,

///

///

///

1  IT IS HEREBY ORDERED that this action is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to comply with the Court Order (ECF No. 7).

  IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 5) is DENIED as MOOT.

  IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly.

  IT IS SO ORDERED this 6th day of February, 2020.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE